IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Globefill Incorporated, | Case No. (_____/_____) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Maud Borup, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Globefill Incorporated, by its attorneys, files its complaint against Maud Borup, Inc. and alleges as follows:

**PARTIES AND JURISDICTION**

1. Globefill Incorporated ("Globefill") is a Canadian corporation with its principal place of business at 333 Eglinton Avenue East, Toronto, Ontario, Canada M4P 1L7. Globefill produces and sells vodka in the United States and internationally.

2. Upon information and belief, defendant Maud Borup, Inc. ("Maud" or "Defendant") is a Minnesota corporation with its principal place of business at 2500 Highway 88, Ste 212, Minneapolis, Minnesota 55418.

3. This is an action for (1) trade dress infringement under 15 U.S.C. §§ 1114(1) and 1125(a); (2) unfair competition; (3) copyright infringement under 17 U.S.C. § 101 *et seq*., and (4) design patent infringement under 35 U.S.C. §§ 1 *et seq*.

4.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400. Upon information and belief, Maud conducts business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

## STATEMENT OF FACTS

5.     Globefill produces and sells alcoholic beverages in bottle packaging configured in the shape of a skull as depicted in Exhibit A and incorporated by this reference.

6.     Globefill is the owner of a United States Patent and Trademark Office ("USPTO") trade dress registration for trade dress that consists of "a configuration of a bottle in the shape of a skull" for use in association with "alcoholic beverages, namely vodka."  Globefill registered the trade dress with the USPTO under Registration No. 4043730.

7.     The trade dress application which matured into Registration No. 4043730 was filed by Globefill on March 24, 2010 and registered on October 25, 2011. A true and correct copy of Globefill's registration certificate is attached as Exhibit B and incorporated by this reference (hereinafter "'730 Registration").

8.     Pursuant to 15 U.S.C. § 1057, Globefill's '730 Registration is prima facie evidence of Globefill's ownership of the trade dress, the non-functionality and inherent

distinctiveness of the trade dress, and exclusive right to use the trade dress in association with the goods identified therein.

9. Globefill is the owner of all rights and authorship in Globefill's bottle packaging as depicted in Exhibit A, and has duly registered with the U.S. Copyright Office under VA 1-766-939. A true and correct copy of the copyright registration is attached as Exhibit C and incorporated herein by reference (hereinafter "Globefill's Copyright").

10. Globefill's Copyright was created in 2007 and first published on September 30, 2008, and was registered with the U.S. Copyright Office on April 11, 2011.

11. Globefill is the owner of United States Patent No. D589,360 ("hereinafter the "'360 Patent") for the ornamental design for a bottle as shown in Exhibit A. The '360 Patent was duly and legally issued by the United States Patent and Trademark office on March 31, 2009. The '360 Patent is valid and enforceable. True and correct copies of the '360 Patent is attached as Exhibit D.

12. Upon information and belief, Maud produces and sells cocktail mixes and hot sauces sold in the United States in skull-shaped bottles as shown in true and accurate photographs in Exhibit E.

## COUNT I: TRADE DRESS INFRINGEMENT

13. Globefill repeats, and incorporates by reference, the allegations set forth in paragraphs 1-12.

3

14. Defendant and its cocktail mixes are not affiliated, connected or associated with, nor sponsored, authorized, approved or licensed by Globefill.

15. Upon information and belief, Defendant adopted and began using skull-shaped trade dress for its cocktail mixes without the consent or knowledge of Globefill.

16. Defendant's skull-shaped trade dress is similar to Globefill's federally registered trade dress because both parties' trade dresses consist of skull-shaped bottles for use in association with alcoholic beverages and/or products complementary and closely related to alcoholic beverages.

17. Upon information and belief, Globefill's registered trade dress and Defendant's skull-shaped trade dress are confusingly similar and both are used in association with competing and related products that travel in identical channels of trade.

18. Upon information and belief, Defendant's advertising, marketing, offering for sale, and sale of cocktail mixes are likely to cause the public to be confused or mistaken as to whether Defendant or its cocktail mixes are affiliated, connected or associated with, or sponsored, authorized, approved or licensed by Globefill.

19. By the acts alleged herein, Defendant has infringed Globefill's federally registered trade dress in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)). Defendant has hereby caused, is causing, and will continue to cause Globefill serious and irreparable damage unless enjoined by this Court.

20. Upon information and belief, the aforesaid acts of trademark infringement have been undertaken with knowledge of Globefill's exclusive rights to Globefill's federally registered trade dress, and are willful, entitling Globefill to an award of treble

damages and attorneys' fees in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## COUNT II: FEDERAL UNFAIR COMPETITION

21.     Globefill hereby repeats and incorporates by reference, the allegations set forth in paragraphs 1-20.

22.     Defendant's advertising, marketing, offering for sale, and sale of a related product in a confusingly similar skull-shaped trade dress constitutes unfair competition and false designation of origin that is likely to deceive customers.

23.     By the aforesaid acts, Defendant has falsely designated the origin, quality, and nature of their goods and business and has falsely described and represented same, causing likelihood of confusion and constituting unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).  Defendant has thereby caused, is causing, and will continue to cause Globefill serious and irreparable damage for which there is no adequate remedy at law, and Defendant's acts will, unless enjoined by this Court, continue to damage Globefill.

24.     Upon information and belief, the aforesaid acts of trademark infringement have been undertaken with knowledge of Globefill's exclusive rights to its federally registered trade dress, and are willful, entitling Globefill to an award of treble damages and attorneys' fees in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## COUNT III: COPYRIGHT INFRINGEMENT

25. Globefill hereby repeats and incorporates by reference, the allegations set forth in paragraphs 1-24.

26. Plaintiff has been and still is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendment thereto, to reproduce, distribute, and otherwise exploit Globefill's Copyright throughout the United States and around the world.

27. Upon information and belief, Defendant has copied and continues to copy Globefill's Copyright and Defendant's infringing skull-shaped bottle for its cocktail mix and hot sauce packaging is substantially similar to Globefill's Copyright.

28. Upon information and belief, Defendant's infringing cocktail mix and hot sauce bottles were and are distributed in interstate commerce.

29. The manufacturing, advertising, selling, and distribution of Defendant's infringing cocktail mix and hot sauce bottles constitute unauthorized reproduction and distribution of Globefill's Copyright.

30. By the aforesaid acts, Defendant has infringed Globefill's Copyright by copying Globefill's skull-shaped bottle in the manufacture, sale, and distribution of Defendant's cocktail mixes and hot sauces with full knowledge that Globefill's skull-shaped bottle is protected by copyright.

31. By the acts alleged herein, Defendant has infringed Globefill's Copyright in violation of 17 U.S.C. § 501, and Globefill is entitled to recover from Defendant the

damages sustained by Globefill as a result of Defendant's infringement of Globefill's Copyright allowable under 17 U.S.C. § 502.

32. Defendant has also hereby caused, is causing, and will continue to cause Globefill serious and irreparable damage unless enjoined by this Court.

33. Upon information and belief, the aforesaid acts of copyright infringement have been undertaken with knowledge of Globefill's exclusive rights to its copyright and are willful.

## COUNT IV: PATENT INFRINGEMENT

34. Globefill hereby repeats and incorporates by reference, the allegations set forth in paragraphs 1-33.

35. Globefill is the lawful patent holder of design contained in the '360 Patent.

36. Upon information and belief, Defendant has copied and continues to copy Globefill's skull-shaped bottle design contained in the '360 Patent for its cocktail mix and hot sauce packaging without license or authorization from Globefill in violation of 35 U.S.C. § 271(a).

37. By the aforesaid acts, Defendant has infringed and continues to infringe the '360 Patent by making, using, offering for sale, and/or selling throughout this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States cocktail mixes and hot sauces contained in a skull-shaped bottle package that is substantially similar to the design contained in the '360 Patent.

38. By the acts alleged herein, Defendant has infringed Globefill's '360 Patent in violation of 35 U.S.C. § 271(a), and Globefill is entitled to recover from Defendant the

damages sustained by Globefill as a result of Defendant's infringement of Globefill's '360 Patent allowable under 35 U.S.C. § 284.

39. By the acts alleged herein, Defendant has also caused, is causing, and will continue to cause Globefill serious and irreparable damage unless enjoined by this Court.

40. Upon information and belief, the aforesaid acts of patent infringement have been undertaken with knowledge of Globefill's exclusive rights to its '360 patent and are willful.

## JURY TRIAL DEMAND

41. Plaintiff demands a trial by jury on all counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Globefill requests that this Court enter judgment against Defendant as follows:

    A. Adjudicating that Defendant has infringed Globefill's federally registered trade dress, copyright, and issued design patent;

    B. Enjoining Defendant, along with its officers, agents, servants, employees, attorneys, confederates, and all other persons in active concert or participation with Defendant to whom notice of the injunction is given by personal service or otherwise, at first preliminarily, and thereafter permanently, from making any use of any colorable imitation of Globefill's skull-shaped bottle as covered by Globefill's registered trade dress, copyright, and issued design patent;

    C. Ordering Defendant to recall all goods, advertisements and promotional materials comprising, associated with, bearing or packaged in a skull-

shaped bottle, that is deemed to be an infringement of Globefill's registered trade dress, copyright, and/or issued patent, from their present locations, including, but not limited to, locations owned by others;

      D.    Awarding that Defendant pay damages to Globefill adequate to compensate Globefill for Defendant's past infringement of Globefill's federally registered trade dress, copyright, and the '360 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses;

      E.    Ordering an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      F.    Declaring that this case is exceptional under 15 U.S.C. § 1117(b) and 35 U.S.C. § 285 and awarding of reasonable attorneys' fees, costs, and disbursements incurred in this action; and

      G.    Awarding Globefill such further relief at law or in equity as the Court deems just and proper.

Dated:  November 17, 2014        **GREENE ESPEL PLLP**

 s/ Jeanette M. Bazis
Jeanette M. Bazis, Reg. No. 255646
X. Kevin Zhao, Reg. No. 391302
222 South Ninth Street, Suite 2200
Minneapolis, MN  55402
jbazis@greeneespel.com
kzhao@greeneespel.com
(612) 373-0830

 - and –

Mark H. Tidman *(pro hac vice admission pending)*
John H. Weber *(pro hac vice admission pending)*
Kelu L. Sullivan *(pro hac vice admission pending)*
BAKERHOSTETLER
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
mtidman@bakerlaw.com
jweber@bakerlaw.com
ksullivan@bakerlaw.com
(202) 861-1500

*Attorneys for Plaintiff Globefill Inc.*